IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WALL RECYCLING, LLC,          )
                              )
           Plaintiff,         )
                              )     1:20CV371
      v.                      )
                              )
3TEK GLOBAL, LLC,             )
                              )
           Defendant.         )

### ORDER

The Order of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on January 11, 2022, was served on the parties in this action. (Doc. 61.) Petitioner filed objections within the time limits prescribed by section 636. (Doc. 64.)

This court is required to Amake a de novo determination of those portions of the [Magistrate Judge=s] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court Amay accept, reject, or modify, in whole or in part, the findings or recommendations" made by the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. Id.

Here, 3TEK argues the Recommendation improperly evaluated its motion for leave to file an amended answer and should have granted its motion because doing so would not delay trial. (Doc. 64 at 7-8.) Wall filed no response to 3TEK's objections.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  While district courts have discretion to grant or deny a motion to amend, the Fourth Circuit has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (holding leave should be "freely given" absent "any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

3TEK filed its motion to amend answer on August 19, 2021. (Doc. 31.)  Wall does not claim, nor is there evidence in the record, that 3TEK seeks leave to amend its answer in bad faith. Therefore, the motion should be granted unless it presents unfair prejudice to Wall or if amendment is futile.  "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." Laber, 438 F.3d at 427.  An amendment is not prejudicial if "it merely adds an additional theory of

2

recovery to the facts already pled." Id.; see also Hatteras/Cabo Yachts, LLC v. M/Y EPIC, 2020 WL 1668045, at *3 (E.D.N.C. 2020) (holding that undue prejudice justifies denying a motion to amend "if the amendment would require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, or would significantly delay the resolution of the dispute." (internal quotations and citations omitted)). "It is settled that 'if the proposed change . . . advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.'" Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 225 (8th Cir. 1994) (citing Charles A. Wright & Arthur Miller, Fed. Prac. & Proc.: Civil, § 1487, at 637 (1991)); see Joyner v. Abbott Labs, 674 F. Supp. 185, 190 (E.D.N.C. 1987) ("When a proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the motion to amend should be denied.").

Neither Wall nor 3TEK claims any additional discovery is needed to address 3TEK's proposed amended answer including its statute of frauds defense. The amendment merely adds an additional theory to avoid recovery based on the facts already pleaded. Cf. Laber 438 F.3d at 427. In short, there is no indication that granting 3TEK's motion to leave to file an amended answer would cause delay, and, even if it would, "[d]elay alone, however is an insufficient reason to deny" a motion to amend."

3

Id. (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)). Nor would 3TEK's amendment pleading a statute of frauds defense be futile. Dan Wall in his deposition stated numerous times that Wall and 3TEK "talked about everything. Bill [Padula] and I talked for a long time. This was a long drawn-out process of buying [the NEXT shredder]. This was – what was it, a year we talked about everything. We talked often." (See, e.g., Doc. 41-2 at 83:18-22.) Wall also represented in deposition that 3TEK's stated delivery dates, the core of Wall's breach of contract claim, were conveyed orally. (Id. at 237:3-8.) To the extent Wall bases any aspect of its breach of contract claim on oral agreements or modifications, therefore, 3TEK's motion for leave to amend its answer to include a statute of frauds defense cannot be said to be futile. See Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (holding that "[l]eave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face").

After conducting a de novo review of 3TEK's objections to the Recommendation, the court concludes that 3TEK has shown good cause warranting leave to file an amended complaint to assert a statute of frauds defense and there is no evidence that doing so would result in unfair prejudice to Wall. The court otherwise finds that the objections do not alter the substance of the

4

Recommendation. Therefore, 3TEK's objections are SUSTAINED IN PART and OVERRULLED IN PART.

IT IS THEREFORE ORDERED that the Recommendation is ADOPTED except to the extent it addressed 3TEK's Motion for Leave to File First Amended Answer (Doc. 31), which motion is GRANTED for the reasons set forth herein, and 3TEK is DIRECTED to file its proposed answer filed with its motion to amend (Doc. 31-1) forthwith.

      /s/   Thomas D. Schroeder
      United States District Judge

February 28, 2022